UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION
JURY

| | | |
|---|---|---|
| GENEVA DENEAN BUCKLEY | § § § | |
| VS. | § § § § | CIVIL ACTION NO. 5:16-CV-00299 |
| ERIBERTO TORRES AND TOWER TRANSPORT, INC. | § § § | |

**DEFENDANTS', TOWER TRANSPORT, INC. AND ERIBERTO TORRES, NOTICE OF REMOVAL**

Now come TOWER TRANSPORT, INC. ("TOWER") and ERIBERTO TORRES ("TORRES") and file this Notice of Removal and in support thereof, respectfully show the Court the following:

### A. PARTIES AND PROCEDURAL BACKGROUND

1. The lawsuit was filed on January 19, 2016, by Geneva Denean Buckley, a resident of Bexar County, Texas. The Defendants are Tower Transport, Inc., a corporation based in Arizona where its managerial, operational and decision making centers are located and is also incorporated in Arizona; and Eriberto Torres, a resident of Arizona.

2. The motor vehicle accident made the basis of this lawsuit occurred on July 9, 2015. The Plaintiff alleges in her Original Petition that Defendant TORRES was negligent in operating his motor vehicle, causing injury to the Plaintiff.

## B.  REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1441, 1332

3. The party who urges jurisdiction upon the court bears the burden of demonstrating that the case is one properly before the federal tribunal. *B, Inc. v. Miller Brewing Co.,* 63 F.2d 545 (5th Cir. 1981).

4. This lawsuit is being removed pursuant to 28 U.S.C. § 1441, on the grounds that the case is a civil action brought in a state court, the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff and Defendants are diverse in citizenship, and the amount in controversy exceeds $75,000.00. Accordingly, if a suit is not removable at the time of filing but later becomes removable, the notice of removal must be filed within 30 days after the defendant's receipt "through service or otherwise," of copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable. 28 U.S.C. § 1446(b); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68-69 (1996). Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending. This lawsuit is on its face removable given the stated damages sought and Defendants became aware of same upon service of the lawsuit.

5. This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

### C.     FIRST NOTICE THAT CASE WAS REMOVABLE

6.     Defendants were served with process on February 24, 2016.  Plaintiff states within her lawsuit that she seeks damages in excess of $100,000.00.  Because the parties were diverse upon service of process, this case became removable upon service of process.  This notice of removal is filed timely.

### D.     DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY

7.     The district courts of the United States have jurisdiction over this action based on diversity of citizenship among the parties.  At the time of the filing of this lawsuit, Plaintiff was a resident of Bexar County, Texas.  Defendant TORRES is a resident of Arizona and Defendant TOWER is a corporation based in Arizona where its managerial, operational and decision making centers are located and is also incorporated in Arizona.  There is complete diversity between Plaintiff and the Defendants.

### E.     ALL DEFENDANTS AGREE TO THE REMOVAL

8.     All Defendants join in the removal.

### F.     CONCLUSION

9.     Removal of this action is proper under 28 U.S.C. § 1441 since it is a civil action brought in a state court.  The federal district courts have jurisdiction over the subject matter under 28 U.S.C. § 1332 because all parties are diverse in citizenship.  Finally, removal is proper because the amount in controversy exceeds $75,000.00.

10.     As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served on Plaintiff, by and through her attorney of record, and is also being filed with the County Court at Law No. 3, Bexar County, Texas.

11. Concurrently with this Notice of Removal, the appropriate Notice of Removal is being filed in state court.

12. Copies of all process, pleadings, and orders filed in this cause, as well as an "Index of Matters Being Filed," are attached hereto.

**WHEREFORE,** Defendants, TOWER TRANSPORT, INC. and ERIBERTO TORRES remove this action from the County Court at Law No. 3, Bexar County, Texas, on this 24th day of March, 2016, pursuant to statute and in conformity with the requirements set forth in 28 U.S.C. § 1446.

Respectfully submitted,

**DAVIDSON TROILO REAM & GARZA, P.C.**
601 N.W. Loop 410, Suite 100
San Antonio, Texas  78216
Telephone:  (210) 349-6484
Facsimile:   (210) 349-0041


  //s//   *David R. Rangel*
**DAVID R. RANGEL**
State Bar No. 24041749
Email:  drangel@dtrglaw.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel pursuant to the Federal Rules of Civil Procedure, on this the 24th day of March, 2016:

Mr. Scott Ogle
**LAW OFFICE OF SCOTT OGLE**
2028 W. Ben White Blvd.
Austin, Texas  78705

                                *//s//   David R. Rangel*
                                **DAVID R. RANGEL**